Federal Ministry of Education
11 East 52nd Street
New York, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------X
AIRFLEX INDUSTRIAL, INC.,

                Plaintiff,

- against -

BARNEY SKANSKA CONSTRUCTION CO.,
REPUBLIC OF AUSTRIA, FEDERAL MINISTRY OF
EDUCATION, V.A.L. FLOORS, INC., L&L
PAINTING CO., INC., NAVILLUS TILE INC., PVI
INDUSTRIES, INC.,

                Defendants.
---------------------------------------------------------------X

Index Number: 02- 31241
Date Purchased: 12-04-02
Plaintiff designates Suffolk
County as the place of trial.

**SUMMONS**

Venue is based on Plaintiff's
Place of Business at 965 Conklin
Street, East Farmingdale, New
York 11735

To the above-named Defendants:

YOU ARE HEREBY SUMMONED to answer the verified complaint in this action and to serve a copy of your verified answer or, if the verified complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        December 3, 2002

TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP
Attorneys for Airflex Industrial, Inc.

By: _____
      Jason S. Samuels, Esq.
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753
(516) 240-8900



**FILED**

DEC 0 4 2002

EDWARD P. ROMAINE
COUNTY CLERK

73941 v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------x
AIRFLEX INDUSTRIAL, INC.,

          Plaintiff,

  - against -

BARNEY SKANSKA CONSTRUCTION CO.,
REPUBLIC OF AUSTRIA, FEDERAL MINISTRY OF
EDUCATION, V.A.L. FLOORS, INC., L&L PAINTING
CO., INC., NAVILLUS TILE INC., PVI INDUSTRIES,
INC.,

          Defendants.
---------------------------------------x

**VERIFIED COMPLAINT**

Index No.:

      Plaintiff, Airflex Industrial, Inc., ("Airflex"), by its attorneys Torre, Lentz, Gamell, Gary & Rittmaster, LLP., as and for its Complaint alleges:

### GENERAL ALLEGATIONS

    1.    Plaintiff, Airflex was and still is a domestic corporation with its principal place of business located at 965 Conklin Street, Farmingdale, New York 11735.

    2.    Upon information and belief, Defendant Republic of Austria, Federal Ministry of Education ("FME") is the owner of the premises where the project known as the Austrian Cultural Forum, 11 East 52nd Street, Block 1288, Lot 10, New York, New York, is located ("Project).

    3.    Upon information and belief, the Project is not the Austrian consulate or embassy; it is owned privately by the FME.

FILED
DEC 0 4 2002
EDWARD P. ROMAINE
COUNTY CLERK

73943 v1

1

4. Upon information and belief Defendant Barney Skanska Construction Co. ("Barney Skanska") was and still is a domestic corporation with an office at 136 Madison Avenue, 11th Floor, New York, New York 10016.

5. Upon information and belief, on or about May 30, 2002, Barney Skanska filed with the New York County Clerk, a Notice Under the Mechanic's Lien Law against the Project in the amount of $2,952,144.00.

6. Upon information and belief Defendant V.A.L. Floors, Inc. is a foreign corporation licensed to do business in the State of New York, with an office at 4200 West Side Avenue, North Bergen, New Jersey 07047.

7. Upon information and belief, on or about August 16, 2002, V.A.L. Floors, Inc. filed with the New York County Clerk, a Notice Under the Mechanic's Lien Law against the Project in the amount of $106,350.00.

8. Upon information and belief Defendant L&L Painting Co., Inc., is a domestic corporation, with its principal place of business at 900 Oyster Bay Road, Hicksville, New York 11801.

9. Upon information and belief, on or about September 9, 2002, L&L Painting Co., Inc. filed with the New York County Clerk, a Notice Under the Mechanic's Lien Law against the Project in the amount of $106,350.00.

10. Upon information and belief Defendant Navillus Tile Inc., is a domestic corporation, with its principal place of business at 53-18 11th Street, Long Island City, New York 11101.

11. Upon information and belief, on or about September 10, 2002, Navillus Tile Inc. filed with the New York County Clerk, a Notice Under the Mechanic's Lien Law against the Project in the amount of $85,644.00.

12. Upon information and belief Defendant PVI Industries, Inc., is a foreign corporation, with an office at 3209 Golney Avenue, Fort Worth, Texas 76111.

13. Upon information and belief, on or about November 2, 2000, PVI Industries, Inc. filed with the New York County Clerk, a Notice Under the Mechanic's Lien Law against the Project in the amount of $12,500.00 and then received an extension of lien on October 19, 2001, for one year.

## AS AND FOR A FIRST CAUSE OF ACTION

14. On or about November 17, 1998, Airflex and Barney Skanska entered into a written subcontract agreement (the "Subcontract") whereby Airflex agreed to provide all Ornamental Metals/Glass Handrails and related work (collectively "Work") for the Project and Barney Skanska agreed to pay Airflex $700,000.00 for the performance of said Work.

15. Between August 18, 1999 and March 6, 2002, at the direction of Barney Skanska, Airflex provided and completed all of the Work for the Project.

16. As a result of additions and changes to the Work, the Subcontract price was adjusted to the sum of $1,730,985.00.

17. Barney Skanska has breached the Subcontract by only paying Airflex $852,479.00.

18. Airflex has fully performed all of its obligations under the Subcontract.

19. As a result of the foregoing, Barney Skanska owes Airflex the sum of $878,506.00.

20. By reason of the foregoing, there is due and owing from Barney Skanska to Airflex the sum of $878,506.00, plus interest from March 6, 2002.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats the allegations set forth in paragraphs 1 through 20 hereof as if said allegations were repeated herein at length.

22. All times when the aforesaid Work was being performed, Barney Skanska knew that Airflex was performing the Work on its behalf and that it expected to be paid for that Work.

23. Barney Skanska accepted the Work and received the benefits of the same as rendered by Airflex.

24. Airflex made a demand for payment of the fair and reasonable value of the Work and Barney Skanska failed to pay the same.

25. The Work is reasonably worth the sum of $1,730,985.00 of which $878,506.00 remains unpaid by Barney Skanska.

26. By reason of the foregoing, there is due and owing from Barney Skanska to Airflex the sum of $878,506.00, plus interest from March 6, 2002.

## AS AND FOR A THIRD CAUSE OF ACTION

27. Plaintiff repeats the allegations contained in paragraphs 1 through 26 hereof as if said allegations were repeated herein at length.

28. On June 24, 2002, subsequent to the completion of the work at the Project, within eight months after the performance of the Work aforesaid, pursuant to the terms of the Lien Law of the State of New York, Airflex served a Notice Under the Mechanic's Lien Law, upon FME and Barney Skanska. On June 25, 2002, the said Notice Under the Mechanic's Lien Law with Affidavit of Service was duly entered and docketed by the Clerk of the County of New York, the county in which the Property against which the lien is asserted is situated. Said lien was in due form of law and was duly verified by Plaintiff.

29. No action or proceeding has been brought by Airflex for its foreclosure or for the recovery of the moneys so secured by the lien.

30. Upon information and belief, no action or proceeding has been brought by Barney Skanska or FME to discharge the lien.

31. Upon information and belief, no action or proceeding has been brought by any Defendant in this action to discharge any lien herein.

32. As a result of the foregoing, Airflex has a valid lien in the sum of $878,506.00, together with interest from March 6, 2002.

WHEREFORE, Airflex demands judgment as follows:

73943 v1

5

Dec-22-02  11:44pm   From-AUSTROKULT NEW YORK            +12123199636           T-729   P.08/10   F-597

1.   On the First Cause of Action against Defendant Barney Skanska in the sum of $878,506.00, plus interest from March 6, 2002.

2.   On the Second Cause of Action against Defendant Barney Skanska in the sum of $878,506.00, plus interest from March 6, 2002.

3.   On the Third Cause of Action as follows:

a) Determining the validity, extent and priority of each and all of the liens and claims, which may be presented and asserted herein.

b) Airflex, by filing and causing the docketing of the mechanic's lien, acquired a good and valid lien in the sum of $878,506.00, plus interest from March 6, 2002.

c) Defendants and each of them, and all persons claiming by, through or under them, or any of them, are forever foreclosed of all equity of redemption or other lien, claim or interest in and to the property.

d) That said Property be sold as provided by law and that from the proceeds of such sale, Airflex be paid the amount of its lien as aforesaid, with interest, and the costs and expenses of sale and of this action.

e) Airflex have judgment against Defendant Barney Skanska for any deficiency which then remains.

4.  For such other and further relief as the Court deems proper, with costs and disbursements.

Dated: Jericho, New York
       November 12, 2002

                    TORRE LENTZ GAMELL GARY & RITTMASTER, LLP.

                    By: _____
                            Jason S. Samuels
                    Attorneys for Plaintiff
                    Airflex Industrial, Inc..
                    100 Jericho Quadrangle, Suite 309
                    Jericho, New York 11753
                    (516) 240-8900

73943 v1                            7

## VERIFICATION

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF SUFFOLK  )

Fred Fogelman, being duly sworn, deposes and says: that I reside in New York and that I am the Vice President of the Plaintiff herein; that I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge except as to matters therein alleged on information and belief, and those matters I believe to be true.

_____
Fred Fogelman, Vice President

Sworn to before me this
21 Day of November, 2002.

_____
Notary Public

LORRAINE MAZZELLA
Notary Public, State of New York
No. 01MA6023029
Qualified in Suffolk County
Commission Expires April 12, 20__

1